UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| JERRY DEAN PHILLIPS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CIVIL NO. 3:15cv565 |
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSIONS, SUS DIE CASE PRODUCTS, INC., STEWART & STEWART LAW FIRM and BRYAN SPAULDING, | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by one of the defendants, Stewart & Stewart Law Firm ("Stewart"), on April 5, 2016. The plaintiff, Jerry Dean Phillips ("Phillips"), proceeding *pro se*, filed his response on April 12, 2016, to which Stewart replied on April 18, 2016.

For the following reasons, the motion will be granted.

Discussion

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must view the allegations in the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences drawn from the complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974)(abrogated on other grounds); *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). The court must limit its consideration to the pleadings and the written instruments attached to it as exhibits. Fed. R. Civ.

P. 12(d).

The purpose of a motion brought pursuant to Fed. R. Civ. P. 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It is read alongside Fed. R. Civ. P. 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. To survive a 12(b)(6) motion to dismiss, a complaint need not be detailed, but the factual allegations contained therein must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L.E.2d 929 (2007). Further Fed. R. Civ. P. 9(b) requires allegations of fraud or mistake be stated with particularity including the circumstances constituting fraud or mistake.

In the present case, Stewart argues that the Amended Complaint filed by Phillips on March 11, 2016, violated Rule 8(a)(2) because it is a shotgun pleading. A shotgun pleading is "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading." *Lampkin-Asam v. Volusia County Sch. Bd.* 261 F. App'x 274, 277 (11th Cir. 2008)(citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (1lth Cir. 2001)). Pleadings of this nature are prohibited by Rule 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Id.*

On October 20, 2015, Phillips filed a Complaint Form. In Section B "Statement of Claim", Phillips wrote:

> SUS - Covered up for His Suppervisor (Felon) had Hand Gun In Factory, F.M.L.A. and Because of Merger with company buy in to his company and My Workmen comp.case was Frauded by Stewart & Stewart Law Firm for his personal Gain, E.E.O.C. Commission by Arron Price & William Rogers Had 2

2

> cases filed I was Lie & Scamed by them. I turned them over to Congress in Feb. 2012 was told don't do nothing until the Investegation is done. Its been over 3 ½ since this investigation started over July 9th 2015 Bryan Spaulding District Manager for our Congress give me the Final Results He says they Frauded & Screwed me Royaly.
>
> I was Permently Disabled, Workers Comp. Doctor First Did wrong surgery admitted it to me, I reported it to my Attery for Malepractice went Back for 2nd surgery was to HAD to live with this suver pain and suffing for the rest of my life. Worker Comp Doctor Stewart & Stewart Law Firm & E.E.O.C. Investigator all scamed me & Lied to me to Quit my Job and go to another state for my Health while the cover up for this case so SUS DieCast could have the merger.

In his Amended Complaint, filed on October 28, 2015, Phillips adds the following to his "Statement of Claims":

> E.E.O.C. Also suit for violation of my Consitutional Rights, Stewart & Stewart Law firm also false advertment on T.V. commerals besides frauding my works comp. Case.
>
> Not only did they all screwed me royally as District Manager Bryan Spaulding said they did screwed my wife out of her 20 year pention from the place she was working at that time she only had a little over 7 years to go. She also is a Veteran of the Army. As of today she would have only 3 years to go on that pention. These people have also cause a lot of mental angurish to me and our marriage. She lie me believed in them, what they were telling me and what to do. The amount suiting for stays the same.

In his Second Amended Complaint, filed on March 11, 2016, Phillips asserts that the defendants:

> Vilated my Constitutional Rights and my Civil Rights. E.E.O.C. covered up for Sus Die Cast Products so they could complet their merger Buy in and Supervisor whom is a Felon inside the Factory with a hand gun. I had work related Injury went thru 2 Back Surgerys and Harrassment Before the accident and after the accident. Civil Case on that. After returning to work from the Surgerys another case was Filed for harrassement By the Company Personnel Staff includeing E.E.O.C. Arron Price scamed me got me to quit my job and draw unemployemt and wait until these 2 case are settled and Do what Doctor Huler and Brandon Milster to do the same thing. E.E.O.C. was supose to pick up charges on the Hand gun issue that was filed in Logansport, In. The Prosicuter drop the case because I give the statements to E.E.O.C. Other people also lost their jobs

> because of they were going to be willing to testify. And they still will if we go to court. Other have had Jim Young call them in the Office with guns inside the factory. And set up to be fired also.
>
> Stewart & Stewart cheated me out of $78,000.00 and 2 years medical. And went and settled my case at his Terms False advertisement of their T.V. Comerceals is why I called their Firm. I was begging them for Medical help Brandon Milster scamed me also to quit my job and Leave the State for winter for medical reasons. And Dr. Huler was telling me the same thing. They screwed me over for their own Personal gain. District Manager Bryan Spaulding was investagating this case lied to me said the 2 Investagators were Fired. In Jan. 2014 he told me this. Finally July 8th 2015 when he and I talked give me the Final result of the case he said they all screwed you Roally.

Even construing all three of Phillips' complaints as one whole, due to his *pro se* status, it is clear that Phillips has failed to state a claim. Although Phillips alleges that Aaron Price scammed him, there is no allegation that Aaron Price is employed with Stewart and, in fact, Stewart states that Aaron Price is not its employee. It is also unclear who Brandon Milster is, who he worked for, and how he allegedly scammed Phillips. Nor does Phillips state with even a minimal degree of specificity how he contends Stewart violated any of his rights. Apparently Phillips believes that Stewart did not litigate his case as aggressively as the television commercials lead him to believe they would. However, the commercials were not a contract with Phillips and he has no right to sue based on general statements made in an advertisement. The Complaint and Amended Complaints fail to articulate what Phillips' claims are and do not allow Stewart to frame a responsive pleading and assert any affirmative defenses, and thus the motion to dismiss must be granted.

In his response to the motion to dismiss, Phillips relates some of the settlement negotiations that were undertaken and he states that: "All the paper work I am sending now doesn't show any mercy for me from Stewart & Stewart's Firm or it doesn't show anywhere in

4

here or any of my paperwork that Stewart & Stewart fought for anything for me, but there [sic] personal gain down the line for someone else's case to get them what they want." Phillips acknowledges that he received a settlement in the amount of $20,000.00, of which he received $15,465.00 after reduction for attorney fees. Phillips states that he believed his case to be worth at least $300,000. Clearly, if Phillips did not like the settlement he was offered, he could have declined to accept it, fired Stewart, and hired an attorney who he believed would get him a better settlement. Not liking the terms of a settlement after the fact is not grounds for suing an attorney, especially in the absence of any proper allegations. Accordingly, as noted above, the motion to dismiss must be granted.

## Conclusion

On the basis of the foregoing, Stewart's motion to dismiss is hereby GRANTED.

Entered: June 1, 2016.

s/ William C. Lee
William C. Lee, Judge
United States District Court
