UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

JERRY DEAN PHILLIPS,                        )
                                            )
            Plaintiff,                      )
                                            )
    v.                                      )    CIVIL NO.  3:15cv565
                                            )
U.S. EQUAL EMPLOYMENT                       )
OPPORTUNITY COMMISSION, *et al.,*           )
                                            )
            Defendants.                     )

OPINION AND ORDER

This matter is before the court on four motions to dismiss filed by the defendants.

Defendant U.S. Equal Employment Opportunity Commission ("the EEOC" or "Commission"),

filed its motion to dismiss on May 25, 2016.  Defendant Bryan Spaulding ("Spaulding"), filed his

motion to dismiss on May 27, 2016.   And Defendant SUS filed a motion to dismiss on June 1,

2016.[1]   On June 2, 2016, Plaintiff Jerry Dean Phillips ("Phillips"), proceeding *pro se*, filed a

response to the motions.[2]  The defendants have declined to file a reply.

For the following reasons, the motions will be granted.

Discussion

The defendants have filed their motions to dismiss pursuant to Rules 12(b)(6) (failure to

state a claim), as well as Rules 12(b)(1) (lack of subject matter jurisdiction), 12(h)(3), 12(c)

(judgment on the pleadings; judicial estoppel), 12(b)(5) (insufficient service of process) and

---

[1] SUS originally filed its motion on May 26, 2016 [DE 47] along with its motion for leave to file.  The motion for leave to file was granted on June 1, 2016, and SUS's motion to dismiss was officially filed on that same date as DE 53.

[2] Phillips' response is simply a reiteration of portions of his complaints and an assertion that he wants to go to trial on his claims.  As there are no substantive arguments in his response, it will not be addressed further in this order.

8(a)(2) (failure to provide a short and plain statement showing entitlement to relief).

The nature of Phillips' claims, as summarized in a previous order, are as follows. On October 20, 2015, Phillips filed a Complaint Form. In Section B "Statement of Claim", Phillips wrote:

> SUS - Covered up for His Suppervisor (Felon) had Hand Gun In Factory, F.M.L.A. and Because of Merger with company buy in to his company and My Workmen comp.case was Frauded by Stewart & Stewart Law Firm for his personal Gain, E.E.O.C. Commission by Arron Price & William Rogers Had 2 cases filed I was Lie & Scamed by them. I turned them over to Congress in Feb. 2012 was told don't do nothing until the Investegation is done. Its been over 3 ½ since this investigation started over July 9th 2015 Bryan Spaulding District Manager for our Congress give me the Final Results He says they Frauded & Screwed me Royaly.
>
> I was Permently Disabled, Workers Comp. Doctor First Did wrong surgery admited it to me, I reported it to my Attery for Malepractice went Back for 2nd surgery was to HAD to live with this suver pain and suffing for the rest of my life. Worker Comp Doctor Stewart & Stewart Law Firm & E.E.O.C. Investigator all scamed me & Lied to me to Quit my Job and go to another state for my Health while the cover up for this case so SUS DieCast could have the merger.

In his Amended Complaint, filed on October 28, 2015, Phillips adds the following to his "Statement of Claims":

> E.E.O.C. Also suit for violation of my Consitutional Rights, Stewart & Stewart Law firm also false advertment on T.V. commerals besides frauding my works comp. Case.
>
> Not only did they all screwed me royally as District Manager Bryan Spaulding said they did screwed my wife out of her 20 year pention from the place she was working at that time she only had a little over 7 years to go. She also is a Veteran of the Army. As of today she would have only 3 years to go on that pention. These people have also cause a lot of mental angurish to me and our marriage. She lie me believed in them, what they were telling me and what to do. The amount suiting for stays the same.

In his Second Amended Complaint, filed on March 11, 2016, Phillips asserts that the defendants:

2

Vilated my Constitutional Rights and my Civil Rights. E.E.O.C. covered up for Sus Die Cast Products so they could complet their merger Buy in and Supervisor whom is a Felon inside the Factory with a hand gun. I had work related Injury went thru 2 Back Surgerys and Harrassment Before the accident and after the accident. Civil Case on that. After returning to work from the Surgerys another case was Filed for harrassement By the Company Personnel Staff inclueding E.E.O.C. Arron Price scamed me got me to quit my job and draw unemployemt and wait until these 2 case are settled and Do what Doctor Huler and Brandon Milster to do the same thing. E.E.O.C. was supose to pick up charges on the Hand gun issue that was filed in Logansport, In. The Prosicuter drop the case because I give the statements to E.E.O.C. Other people also lost their jobs because of they were going to be willing to testify. And they still will if we go to court. Other have had Jim Young call them in the Office with guns inside the factory. And set up to be fired also.

Stewart & Stewart cheated me out of $78,000.00 and 2 years medical. And went and settled my case at his Terms False advertisement of their T.V. Comerceals is why I called their Firm. I was begging them for Medical help Brandon Milster scamed me also to quit my job and Leave the State for winter for medical reasons. And Dr. Huler was telling me the same thing. They screwed me over for their own Personal gain. District Manager Bryan Spaulding was investagating this case lied to me said the 2 Investagators were Fired. In Jan. 2014 he told me this. Finally July 8th 2015 when he and I talked give me the Final result of the case he said they all screwed you Roally.

Due to Phillips' *pro se* status, the court will consider all three filings as one Complaint. The court will first discuss the EEOC's motion to dismiss. The EEOC requests that the claims against it be dismissed for lack of subject matter jurisdiction.

Federal district courts are courts of limited jurisdiction, deriving jurisdiction solely from the congressional exercise of authority to "ordain and establish" inferior courts under the Constitution. *Lockerty v. Phillips*, 319 U.S. 182, 187 (1943); *Preston v. Purtell*, 410 F.2d 234, 236 (7th Cir. 1969). A federal district court may hear a case only if it is authorized to do so by a congressional grant of jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456

U.S. 694, 701-702 (1982).

The EEOC first contends that this Court lacks subject matter jurisdiction over Phillips' claim against the EEOC because such claims are barred by sovereign immunity. The United States cannot be sued unless sovereign immunity has been waived by statute. *United States v. Mitchell,* 445 U.S. 535, 538 (1980); *United States v. Sherwood,* 312 U.S. 584, 586 (1941). Moreover, a waiver of sovereign immunity cannot be implied; it must be unequivocally expressed. *Mitchell*, 445 U.S. at 538; *United States v. King*, 395 U.S. 1, 4-5 (1969). "Absent a waiver, sovereign immunity shields the Federal government and its agencies from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Michigan v. U.S. Army Corps of Engineers*, 758 F.3d 892, 900 (7th Cir. 2014) ("Sovereign immunity, when it exists, cuts off a plaintiff's ability to sue the government."). The EEOC is an agency of the Federal government, established by Congress in section 705 of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-4. In order for this Court to entertain a claim against the EEOC, Phillips must establish that the United States has waived its sovereign immunity and consented to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Mitchell*, 445 U.S. at 538; *Sherwood*, 312 U.S. at 586.

The EEOC argues that, in the present case, there has been no such waiver. In fact, Phillips has not identified any statute that waives sovereign immunity to allow an individual to sue the EEOC for damages in connection with processing an administrative charge of employment discrimination. Accordingly, Phillips' claim against the EEOC must be dismissed under the doctrine of sovereign immunity.

The EEOC further maintains that neither Title VII nor the ADA provide a jurisdictional basis for this claim. Although Phillips did not explicitly rely on Title VII or the ADA for

jurisdiction over his claim against the EEOC, it is pertinent to address both statutes here because it appears that Phillips is dissatisfied with the actions taken by the EEOC when he attempted to file or filed Title VII or ADA charges of discrimination. Neither Title VII nor the ADA confer this Court with subject matter jurisdiction over the EEOC in this action. Section 107 of the ADA, 42 U.S.C. § 12117, provides that the "powers, remedies, and procedures set forth in . . . the Civil Rights Act of 1964 [Title VII] shall be the powers, remedies, and procedures . . . provide[d] to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability . . . [in the ADA]." Thus, the remedies provided under the ADA are limited to those provided under Title VII, 42 U.S.C. §§ 2000e, *et seq*. Title VII provides federal courts with three grants of jurisdiction: section 706(f)(3), 42 U.S.C. § 2000e-5(f)(3); section 707(b), 42 U.S.C. § 2000e-6(b); and section 717(c), 42 U.S.C. § 2000e-16(c).

First, section 706(f)(3), authorizes federal courts to hear enforcement actions brought against allegedly discriminating employers by private parties, the Attorney General, or the EEOC. 42 U.S.C. § 2000e-5(f)(1), (3). The EEOC was not Phillips' employer, and as an executive agency within the federal government, it is excluded from the definition of employer covered by section 706(f)(3). 42 U.S.C. § 2000e(b) (the United States is expressly excluded from the definition of "employer"). Second, section 707(b) grants federal courts jurisdiction over actions brought by the EEOC against persons engaged in a pattern or practice of resistance to the goals of Title VII. The civil action here is not an action being brought by the EEOC. 42 U.S.C. § 2000e-6(b). Lastly, section 717(c) authorizes federal courts to adjudicate claims of employment discrimination brought by federal employees or applicants for federal employment against their federal employer. 42 U.S.C. § 2000e-16(c). In the present case, Phillips does not allege to be a

federal employee, nor does he allege that he applied for a job with the EEOC.

Thus, none of the Title VII sections discussed above authorize individuals alleging discrimination by a third party to file suit against the EEOC in its role as the agency responsible for enforcing Title VII. Further, the statute creates no claim against the EEOC for a person not employed by the agency. Clearly, Title VII does not confer jurisdiction over Phillips's claims against the EEOC. Because the ADA incorporates the remedies provided by Title VII, the ADA similarly does not confer jurisdiction in the instant matter.

Finally, even though not pled by Phillips, 28 U.S.C. § 1331 does not provide this Court with jurisdiction over his claim against the EEOC. In order to establish jurisdiction under Section 1331 of Title 28, Phillips must demonstrate that his claim arises under the Constitution or a federal statute. An action does not "arise under" federal law where a plaintiff fails to state a claim upon which relief can be granted. *Gully v. First National Bank*, 299 U.S. 109, 112-13, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936); *Preston*, 410 F.2d at 236; *Carlson v. Coca-Cola*, 483 F.2d 279, 280 (9th Cir. 1973); *Ivey v. Frost*, 346 F.2d 115, 115-16 (8th Cir. 1965); *Int'l Ass'n of Machinists, AFL-CIO v. Central Airlines, Inc.*, 295 F.2d 209, 216 (5th Cir. 1961), *rev'd on other grounds*, 372 U.S. 682 (1963). "Federal jurisdiction cannot be sustained under § 1331 on 'a mere assertion of a deprivation of a federal constitutional right . . . .'" *Preston*, 410 F.2d at 236 (quoting *Stanturf v. Sipes*, 335 F.2d 224, 229 (8th Cir. 1964), *cert. denied*, 379 U.S. 977, 85 S.Ct. 676, 13 L.Ed.2d 567 (1965)). A complaint must aver such facts that will support the existence of federal jurisdiction. *Id.* at 236.  Here, Phillips has failed to state a claim against the EEOC pursuant to federal law or the Constitution. Therefore, the Court lacks subject matter jurisdiction over this action against the EEOC under 28 U.S.C. § 1331.

The EEOC also argues that Phillips' amended complaint fails to provide a short and plain statement showing that he is entitled to relief. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Olson v. Champaign Cty., Ill*., 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive dismissal, the plaintiff must provide factual allegations that "raise [the] right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

*Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, *pro se* pleadings are not exempt from the requirements of complaints generally. Although the court has an obligation to construe the pleadings of a pro se litigant liberally, the court "is not required to construct a party's legal arguments for him." *Small v. Endicott*, 998 F.2d 411, 417 (7th Cir. 1993). Pro se litigants "must . . . file a legal argument and some supporting authority," *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998). "Perfunctory and undeveloped arguments—even those presented by *pro se* plaintiffs—are considered waived." *Woods v. Colvin*, No. 3:14-CV-02020-CAN, 2015 WL 9076997, at *2 (N.D. Ind. Dec. 16, 2015) (citing *Border v. Crystal Lake*, 75 F.3d 270, 274 (7th Cir. 1996).

Clearly, Phillips' Complaint fails to comply with Rule 8(a)(2). It is vague and ambiguous and includes a blanket assertion that his constitutional and civil rights were violated. Phillips not

only fails to identify any specific statute that was violated by the EEOC, but fails to provide any specific facts of how the EEOC allegedly violated any statute. Although the Complaint contains allegations, it is difficult to discern and comprehend sufficient facts that state a claim to relief against the EEOC that is plausible on its face. Since the Complaint fails to state the causes of action that Phillips means to allege against the EEOC and fails to provide a short and plain statement showing that Phillips is entitled to relief, the Complaint will also be dismissed as to the EEOC pursuant to Fed. R. Civ. Pro. 8(a)(2).

Lastly, the EEOC contends that Phillips' amended complaint should be dismissed for insufficient service of process. A plaintiff's effective service of process is a prerequisite to a court's exercise of personal jurisdiction over a defendant. FED. R. CIV. P. 4(k). "To serve a United States agency, a plaintiff must follow the directives of Rule 4(I)." *Anderson v. U.S. Dep't of Agric.*, 604 F. App'x 513, 517 (7th Cir. 2015). In order to effectuate service of process on a United States government agency, Federal Rule of Civil Procedure 4(I) requires a plaintiff to (A) deliver a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, (B) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States, and (C) send a copy of the summons and complaint by registered or certified mail to the agency named in the suit. Fed. R. Civ. P. 4(i)(1) and (2).

The EEOC points out that Phillips did not comply with this Rule. Phillips delivered a copy of the summons and Complaint to the EEOC, but did not send a copy of the summons and Complaint to U.S. Attorney's Office in the Northern District of Indiana or to the U.S. Attorney General. This failure renders service on the EEOC incomplete. Service of process in the instant

action is therefore insufficient, and the Complaint will be dismissed as to the EEOC pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. *See McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001); *Mid–Continent Wood Prod., Inc. v. Harris,* 936 F.2d 297, 301–02 (7th Cir. 1991).

The court will next address the motion to dismiss filed by Defendant SUS. This motion seeks dismissal pursuant to Rule 12(b)(6) for failure to state a claim, pursuant to Rule 12(b)(1) and Rule 12(h)(3) for lack of standing, and pursuant to Rule 12(c) on the basis of judicial estoppel .

The following additional facts are pertinent to SUS's motion. Phillips' employment at SUS terminated in July 2011. Phillips filed an EEOC charge against SUS claiming retaliation on March 4, 2011. Phillips filed a second EEOC charge against SUS for retaliation and disability discrimination on June 16, 2011. On March 20, 2012, the EEOC issued a Notice of Right to Sue for both charges.

Phillips filed a Chapter 7 bankruptcy petition on July 10, 2012, more than one year after his employment at SUS terminated and the filing of his EEOC charges. However, although fully accrued, Phillips did not include his claims against SUS on his Bankruptcy Schedule of Assets. On October 15, 2012, the bankruptcy court discharged Phillips' debt in the amount of $77,728.60. Phillips' bankruptcy case was closed on October 19, 2012. Phillips filed his Complaint in the present case on October 20, 2015.

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must view the allegations in the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as

true, and accept all reasonable inferences drawn from the complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974)(abrogated on other grounds); *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). The court must limit its consideration to the pleadings and the written instruments attached to it as exhibits. Fed. R. Civ. P. 12(d).

The purpose of a motion brought pursuant to Fed. R. Civ. P. 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It is read alongside Fed. R. Civ. P. 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. To survive a 12(b)(6) motion to dismiss, a complaint need not be detailed, but the factual allegations contained therein must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L.E.2d 929 (2007).

Standing determines the power of the court to entertain the suit. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing is typically challenged as a jurisdictional matter pursuant to Federal Rule of Civil Procedure 12(b)(1); however, because standing goes to the power of the courts, it can be addressed at any time. *See* Fed.R.Civ.P. 12(h)(3). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Id*. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the required elements of standing. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

Courts in this district can, and often do, consider documents other than the complaint when considering motions to dismiss. *Gary/Chicago Int'l Airport Auth. V. Zaleski*, 2015 U.S.

Dist. LEXIS 154884 (N.D. Ind. Nov. 17, 2015). *See also In re Consol. Indus. Corp.*, 397 F.3d 524, 527 (7th Cir. 2005); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)(considering a letter incorporated to the complaint in a § 1983 action). The Seventh Circuit has held that district courts may take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Coglianese v. Feiwell*, 2008 U.S. Dist. LEXIS 12288 (N.D. Ind. Feb. 19, 2008).

Further, documents attached by the defendant to a Rule 12(b)(6) motion should be considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Glass v. Clarian Health Partners, Inc.*, 2005 U.S. Dist. LEXIS 47984, *7-8 (S.D. Ind. Oct. 6, 2005). Courts in this circuit have declined to convert motions to dismiss to motions for summary judgment if those two factors are fulfilled, particularly in employment cases such as this. *See Glass*, 2005 U.S. Dist. LEXIS 47984 at *8; *Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 78 (7th Cir. 1992)(approving of the district court's decision not to convert a motion to dismiss to a motion for summary judgment because "none of the facts alleged in [plaintiff's] reply was presented by affidavit or otherwise in evidentiary form, as required by Fed.R.Civ.P. 56(e)"). Moreover, the Seventh Circuit has made it clear that "if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment." *Brownmark Films v. Comedy Partners*, 682 F.3d at 690, 696 (7th Cir. 2012).

Accordingly, when a complaint refers to and relies on a document that is not attached to the complaint, a court is within its rights to consider that document in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion into one for summary judgment, so long as the

authenticity of the document is unquestioned. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir.

2002). Here, Phillips references both his EEOC Charges and his bankruptcy, and Phillips'

bankruptcy petition and EEOC Charges are public records whose authenticity is readily

ascertained. Therefore, this court will take judicial notice of Phillips' bankruptcy petition and

EEOC Charges in relation to SUS's motion to dismiss.

As noted above, SUS asserts that Phillips lacks standing to pursue his claims. Standing

can be addressed at any time and must be present at all stages of litigation. *Transamerica Ins.

Co. v. South*, 125 F.3d 392, 396(7th Cir. 1997). Whether standing exists is a paramount inquiry

into a court's subject matter jurisdiction over a cause, as it is the threshold question in every

federal case, determining the power of the court to entertain the suit. *Graham v. Lappin*, 2001

U.S. Dist. LEXIS 7840 (S.D. Ind. June 8, 2001), citing *Warth v. Seldin*, 422 U.S. 490, 498

(1975). Lack of standing and jurisdiction is a basis for dismissal. Fed.R.Civ. P. 12(b)(1),

12(h)(3).

Once a plaintiff files for Chapter 7 bankruptcy, only the bankruptcy trustee has the

capacity to sue and be sued for pre-bankruptcy claims. *Bisek v. Soo Line R.R. Co.*, 440 F.3d 410,

413 (7th Cir. 2006). At the time of the bankruptcy filing, the trustee becomes the true owner of

any legal claims and the debtor gives up his right to sue on all claims accrued at the time of the

filing. *Cannon-Stokes v. Potter*, 453 F.3d 446, 447 (7th Cir. 2006). In *West v. H&R Block Tax

Services*, the court, in dismissing the plaintiff's claims for lack of standing, stated "[t]his result is

consistent with other district courts applying Seventh Circuit law, which have found that Title

VII plaintiffs in Chapter 7 bankruptcy lack standing to prosecute their claims, which are legally

property of the bankruptcy estate and can only be brought by the trustee." 2003 U.S. Dist LEXIS

22778 at *9 (N.D. Ill. Dec. 12, 2003); *see also Guynn v. Potter*, 2002 U.S. Dist. LEXIS 2810 at *14-15 (S.D. Ind. Jan. 25, 2002).

The fact that this lawsuit was filed after the bankruptcy case was closed does not save Phillips' lawsuit. The filing of a bankruptcy petition creates a bankruptcy estate. The bankruptcy estate includes "all legal or equitable interests of the debtor in property" at the time the bankruptcy petition was filed. 11 U.S.C. § 541(a)(1). Courts have uniformly held that the phrase "legal or equitable interests" includes causes of action. *See, e.g., In re Polis*, 217 F.3d 899, 901 (7th Cir. 2000); *Guynn*, 2002 U.S. Dist. LEXIS 2810 at *14. To become property of the bankruptcy estate, causes of action need not be formally filed prior to the bankruptcy filing. *In re Polis*, 217 F.3d at 902. Causes do not revert to a bankruptcy debtor unless the cause is abandoned by the trustee. *Matthews v. Potter*, 316 Fed. Appx. 518, 521 (7th Cir. 2009); 11 U.S.C. § 541(a)(1). Here, the trustee had no notice of Phillips's claims and did not, and could not have, abandoned those claims. (Defendant's Ex. B at SUS-11-12 – "none" checked as to contingent and non-contingent claims and interests and "none" checked as to "other personal property" not otherwise listed.).

In the present case, as noted, Phillips' employment with SUS ended in July 2011, at which time his retaliation, discrimination and any other common law claims which he might seek to assert would have necessarily accrued. Further the EEOC closed Phillips' two cases and issued Notices of the Right to Sue to Phillips in March 2012. Thus, any claims that Phillips could have against SUS had all accrued prior to his filing of his bankruptcy petition. Therefore, this court does not have jurisdiction over Phillips' claims against SUS, and the claims must be dismissed.

SUS also argues, alternatively, that Phillips should be judicially estopped from pursuing his claims.  Judicial estoppel is an equitable doctrine that prevents a party from adopting a position in a legal proceeding contrary to a position successfully argued in an earlier legal proceeding.  *Johnson v. ExxonMobil Corp.*, 426 F.3d 887, 891 (7th Cir. 2005).  The doctrine is designed to "prevent the perversion of the judicial process."  *In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990).

It is clear that the doctrine of judicial estoppel should apply to bar a debtor from pursuing a claim not disclosed in a bankruptcy proceeding.  *Cannon-Stokes v. Potter*, 453 F.3d 446, 447 (7th Cir. 2006).  As stated by the Seventh Circuit in *Cannon-Stokes*, "a debtor in bankruptcy who denies owning an asset, including . . . a legal claim, cannot realize on that concealed asset after the bankruptcy ends."  *Id*. at 448.  In *Cannon-Stokes*, the plaintiff, like Phillips in the present case, filed suit after the bankruptcy case was closed.  *Id*. at 447.  Also, like Phillips, Cannon-Stokes failed to disclose her employment claim in the Schedule of Assets.  *Id*.  The Seventh Circuit rejected plaintiff's efforts to avoid estoppel and affirmed the district court's decision to bar plaintiff's claim, explaining that "[b]y making [litigants] choose one position irrevocably, the doctrine of judicial estoppel raises the cost of lying."  *Id*. at 448, *quoting Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1428 (7th Cir. 1993).  Notably, even claims of bad advice from an attorney do not protect a former debtor from application of judicial estoppel.  *See Cannon-Stokes*, 453 F.3d at 448.

All seven appellate courts that have considered this question hold that a debtor in bankruptcy who denies owning an asset, including a legal claim, cannot realize on that concealed asset after the bankruptcy ends.  *See Cannon-Stokes*, 453 F.3d at 448; *Payless Wholesale*

14

*Distributors, Inc. V. Alberto Culver (P.R.) Inc.*, 989 F.2d 570 (1st Cir. 1993); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. V. General Motors Corp.*, 337 F.3d 314 (3d Cir. 2003); *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598 (5th Cir. 2005); *United States ex rel. Gebert v. Transport Administrative Services*, 260 F.3d 909, 917-19 (8th Cir. 2001); *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778 (9th Cir. 2001); *Barger v. Cartersville*, 348 F.3d 1289, 1293-97 (11th Cir. 2003).

Clearly, in the present case, Phillips must be estopped from pursuing his claims in this lawsuit. His conduct in failing to disclose his claims in his Chapter 7 Schedule of Assets and filing this suit only after he had received a discharge of his liabilities requires the application of judicial estoppel and dismissal of his claims against SUS.

Next, alternatively, SUS argues that Phillips' complaint fails to state a claim. As noted above, under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint is proper where a plaintiff fails to assert sufficient facts to make out a legal claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the present case, Phillips' complaint alleges vague theories, random facts, and fails to identify which facts give rise to which unstated claim against which defendants. Clearly, even a most generous and liberal reading of Phillips' complaint fails to identify any legal claims sufficient to put SUS on notice of the claims asserted.

Moreover, as SUS notes, all of the Title VII claims are time barred. Phillips filed two Charges with the EEOC, alleging violations of Title VII, the Americans with Disabilities Act and the Age Discrimination in Employment Act. The EEOC found insufficient evidence and issued 90-day Right to Sue Notifications on March 20, 2012. Phillips filed his complaint in this court on October 20, 2015 – 1,219 days after the Right-to-Sue deadline. Any claims that Phillips may

be trying to assert under Title VII, the Americans with Disabilities Act or the Age Discrimination in Employment Act are time-barred by the 90-day Right to-Sue period, *Gagan v. American Cablevision*, 77 F.3d 951, 958 (7th Cir. 1996), and by the 300-day filing deadline, *Hentosh v. Herman M. Finch Univ. Of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173 (citing 42 U.S.C. § 2000e-5(e)).  Accordingly, for this alternative reason, SUS's motion to dismiss must be granted.

Clearly, SUS cannot prepare a defense based upon Phillips' allegations.  And, to the extent that Phillips is attempting to assert tort claims, those claims are also time-barred.  The only relationship alleged by Phillips existing between him and SUS is his employment at SUS, which ended in July 2011, and thus any claims relating to his employment, including claims brought under the Family and Medical Leave Act, would be time-barred as well.  29 U.S.C. § 2617. Additionally, any claims would be barred by Ind. Code § 34-11-2-4(a), which provides for a two-year statute of limitations. Accordingly for all the above reasons, all of Phillips' claims against SUS will be dismissed.

The court will now turn to defendant Brian Spaulding's motion to dismiss. Spaulding is involved in this suit because Phillips alleges that in February 2012, he approached the office of Congresswoman Walorski for assistance and asked Spaulding to assist him in investigating his case. Spaulding works in Walorski's office as District Director. Phillips also alleges that he was not satisfied with the results of the office's attempted assistance and that he again contacted Spaulding in July 2015.  Phillips alleges that Spaulding  lied to him.

In support of his motion to dismiss, Spaulding claims that Phillips' suit is barred by sovereign immunity, because he seeks relief in connection with alleged actions taken in

Spaulding's official capacity as District Director for Congresswoman Walorski.

As noted earlier, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted); *see also Dep't of Army v. Blue Fox, Inc.,* 525 U.S. 255, 260 (1999) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." (quoting *F.D.I.C. v. Meyer*, 501 U.S. 471, 475 (1994))); *Sterling v. United States*, 85 F.3d 1225, 1230 (7th Cir. 1996) ("[W]hen there has been no waiver of sovereign immunity, a court does not have subject-matter jurisdiction to entertain a damages action against the United States.").

Sovereign immunity protects not only the United States itself, but also its component entities and the officials acting on those entities' behalf. *See, e.g., Dugan v. Rank*, 372 U.S. 609, 620 (1963) ("[A] suit is against the sovereign . . . if the effect of the judgment would be . . . to compel [the Government] to act." (quotation marks omitted)). Accordingly, Members of Congress (and by extension their staffs), when sued for "acting in their official capacities, enjoy the envelope of the Congress' sovereign immunity." *Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir. 2007); *see also Maarawi v. U.S. Congress*, 24 F. App'x 43, 44 (2d Cir. 2001) (no jurisdiction over claims against Congress because, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit" (quotation marks omitted)). Sovereign immunity can be waived only by "unequivocally expressed . . . statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Any such waiver itself must be "strictly construed, in terms of its scope, in favor of the sovereign." *Blue Fox*, 525 U.S. at 261. Absent an express and unequivocal statutory waiver, courts have no subject matter jurisdiction over claims against

legislative branch officials sued in their official capacities. *See Rockefeller*, 234 F. App'x at 855-56; *see also Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989) ("[A]n action seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to governmental privilege of immunity."); *Keener v. Congress*, 467 F.2d 952, 953 (5th Cir. 1972) (per curiam) (sovereign immunity renders Congress immune from suit).

In the present case, it is apparent that Spaulding was sued in his official capacity, as Phillips repeatedly refers to Spaulding as "District Director" and "District Manager". Additionally, Phillips is seeking monetary damages ($500,000.00), rather than injunctive relief. As Spaulding points out, Phillips' complaint does not point to a statutory waiver of sovereign immunity that would permit his claim to go forward. Clearly, absent such a waiver, this court lacks subject matter jurisdiction and the claims against Spaulding must be dismissed.

Spaulding also alleges that Phillips lacks standing to sue. Standing is a jurisdictional prerequisite to suit in federal court. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 475-76 (1982). To establish standing, Mr. Wright must allege: (1) an injury in fact, (2) causation, and (3) redressability. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273-74 (2008); *Plotkin v. Ryan*, 239 F.3d 882, 884 (7th Cir. 2001).

Spaulding argues that Phillips fails to demonstrate the necessary elements of causation and redressability. To establish causation, Phillips must plead "a fairly traceable connection between [his] injury and the complained-of conduct of the defendant." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998); *see also Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138,

1150 n.5 (2013) (emphasizing that plaintiff "bear[s] the burden of pleading and proving concrete facts showing that the defendants' actual action has caused the [injury]"). Phillips has failed to make any allegations that Spaulding caused any injury with regard to his underlying disputes with his former employer, the EEOC, or the defendant law firm – much less demonstrate, as is his burden – that, "but for" the actions of Spaulding, he would not have suffered his injury. *See* 2d Am. Compl. at 3 (alleging that "[Spaulding] and I talked [to] give me the final result of the case [and] he said they all screwed you ro[y]ally"). Phillips makes vague reference to all defendants in his prayer for relief, *see* 2d Am. Compl. at 3 ("These people cheated me out of everything[.]"), however, he goes on to enumerate which individuals allegedly were responsible for certain losses and does not identify Spaulding explicitly, *see id.* (noting "Brandon Milster" is responsible for an "accident settlement" worth $112,000, and that the EEOC "cheated me out of $30,000 [and] about $15,000 of unemployment").

To establish redressability, it must be "likely, as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Plotkin*, 239 F.3d at 884 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). To the extent Phillips seeks to have Congresswoman Walorski's office take any further actions to "investigate," Phillips' claim is not redressable because this Court lacks the power to order this relief. *See, e.g., McCray v. United States*, 195 U.S. 27, 57 (1904) (separation of powers doctrine precludes "the judicial [branch] [from] prescrib[ing] to the legislative department of the government limitations upon the exercise of its acknowledged powers"); *Kelley v. Wall*, No. CA10-233, 2010 WL 5176172, at *5 (D.R.I. Nov. 30, 2010) (separation-of-powers doctrine prevents courts from ordering Congress to undertake an investigation; *Orta Rivera v. Congress*, 338 F. Supp. 2d 272, 279 (D.P.R. 2004)

(court "has no authority to order Congress to take action on matters specifically delegated to Congress by the Constitution"); *Trimble v. Johnston*, 173 F. Supp. 651, 653 (D.D.C. 1959) ("[T]he Federal courts may not issue an injunction or a writ of mandamus against the Congress.").

Spaulding also argues that Phillips' has failed to state a claim upon which relief can be granted, as Phillips merely expresses his disappointment with the Congressman's assistance in "investigating" his case, which is insufficient to allege an actionable claim. Spaulding points out that Phillips has no legally-enforceable right to obtain assistance from the Congresswoman's office. *See, e.g., Adams v. Richardson*, 871 F. Supp. 43, 45 (D.D.C. 1994) ("Plaintiff has no constitutional right to have [his] Congressman . . . make particular decisions or take particular actions."); *Newell v. Brown*, 981 F.2d 880, 886-87 (6th Cir. 1992) (upholding dismissal of claim against Congressman arising out of service to constituent; stating: "For the federal judiciary to subject members of Congress to liability for simply doing their jobs would be unthinkable."); *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988) (affirming district court conclusion that constituent not entitled to sue for damages simply because representative fails to perform according to constituent's wishes); *Liao v. Ashcroft*, No. 08-cv-2776, 2009 WL 1066302, at *5 (N.D. Cal. Apr. 21, 2009) ("A member of Congress' refusal to assist a constituent in response to the constituent's request for help does not create a cognizable claim."). Clearly, Phillips' dissatisfaction with the results of any "investigation" performed by Congresswoman Walorksi's staff does not rise to an actionable legal claim.

Moreover, Phillips' Complaint does not state a claim under 42 U.S.C. § 1983. Phillips' use of a pre-printed complaint form designed for causes of action based on 42 U.S.C. § 1983 is

insufficient to establish a viable claim against Spaulding. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) deprivation of rights (2) committed by the defendant acting under color of state law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). As a federal official, Spaulding is not subject to suit under section 1983. *See Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003) ("[A]n action brought pursuant to § 1983 cannot lie against federal officers acting under color of federal law."). Phillips fails to allege any facts suggesting Spaulding acted under the color of state law.

Nor should Phillips' Complaint be interpreted as a suit against Spaulding under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Complaint does not allege that Spaulding was involved directly in any of his alleged injuries, merely that he may have done some "investigation" of those parties that Phillips claims to be at fault in the underlying dispute. *See Bivens*, 403 U.S. at 389 (recognizing cause of action against federal actors who are personally involved in alleged violations of plaintiff's constitutional rights); *Iqbal*, 556 U.S. at 676 ("[V]icarious liability is inapplicable to *Bivens* . . . suits . . . ."). To state a cause of action under *Bivens*, a plaintiff must show that a defendant is "personally involved in the deprivation of the plaintiff's constitutional rights," meaning the defendant acts "with a deliberate or reckless disregard of plaintiff's rights" or the "constitutional deprivation occurs at [defendant's] direction or with [defendant's] knowledge or consent." *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997) (quoting *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994)). Phillips makes no such allegations of any personal involvement by Spaulding in his underlying dispute, and cannot support a claim under *Bivens*.

Lastly, Spaulding argues that Phillips' claims should be dismissed for insufficient service

of process.  Once challenged, Phillips bears the burden of demonstrating that service was proper under Federal Rule of Civil Procedure 4. *See Iosello v. Lexington Law Firm*, No. 03-cv-987, 2003 WL 21920237, at *2 (N.D. Ill. Aug. , 2003) ("Once a defendant has challenged the sufficiency of service of process . . . the burden is upon the plaintiff to make a prima facie showing that there was proper service."); *see also McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001) (holding that pro se status did not excuse plaintiff from having to comply with service rules).

When suing an officer or employee of the United States in an "official capacity," a plaintiff must serve the United States Attorney General, the local United States Attorney, and the actual officer or employee. See Fed. R. Civ. P. 4(I); *see also McMasters*, 260 F.3d at 818 (affirming dismissal of pro se plaintiff's lawsuit against government entities where plaintiff failed properly to effect service upon appropriate United States Attorney).

In the present case, Phillips has not properly served Spaulding because he did not serve the United States Attorney for the Northern District of Indiana or the United States Attorney General, as required by Federal Rule of Civil Procedure 4(I).  Therefore, his claims against Spaulding must be dismissed for insufficient service of process.

<u>Conclusion</u>

On the basis of the foregoing, the EEOC's motion to dismiss [DE 44], SUS's motion to dismiss [DE 47, 53] and Spaulding's motion to dismiss [DE 49], are all hereby GRANTED.

Phillips' claims against these defendants are DISMISSED WITH PREJUDICE.


 Entered: September 9, 2016.

                                        s/ William C.  Lee
                                        William C. Lee, Judge
                                        United States District Court